Jess H. **NICHOLAS**, Jr., Appellant,

v.

**SECRETARY OF the DEPARTMENT OF INTERIOR and The United States of America, Appellees.**

No. 20667.

United States Court of Appeals
Ninth Circuit.

Nov. 14, 1967.

Fisher & Hornaday, James E. Fisher (argued), Kenai, Alaska, for appellant.

Richard L. McVeigh, U. S. Atty., Anchorage, Alaska, Edwin L. Weisl, Jr., Asst. Atty. Gen., Roger P. Marquis (ar-

gued), Atty. Lands Division, Dept. of Justice, Washington, D. C., for appellee.

Before CHAMBERS, JERTBERG and KOELSCH, Circuit Judges.

PER CURIAM:

Appellant appeals from a summary judgment entered in favor of appellee by the United States District Court for the District of Alaska.

Initially the Anchorage, Alaska, Land Office rejected appellant's final proof on a homestead entry and cancelled his entry for failure to meet the cultivation requirements of the Homestead Law as set forth in 43 U.S.C. § 164, but advised the appellant to apply for five acres of his entry as a homestead under the Act of May 26, 1934, 48 Stat. 809, 48 U.S.C. § 461 (1958).

On appeal to the Division of Appeals, Bureau of Land Management, the decision of the Land Office was affirmed, including that portion relating to the five acre homesite.

On appeal the Secretary of the Department of the Interior affirmed the decision of the Division of Appeals, including that portion relating to the five acre homesite, and added the statement that "This should amply protect him in all the improvements that he has made on the land."

In his complaint, as amended, filed in the District Court, appellant alleges in substance that notwithstanding the fact that he had fulfilled all the requirements necessary to qualify for a patent, the Secretary, by arbitrary and capricious action, cancelled his entry on the land and denied him a patent for said land. He further alleged that, acting on the assurance that he would be granted a patent to said land, he expended an estimated $7,500.00 on materials and improvements required to perfect his homestead entry and improve the land. The complaint prayed for a judgment setting aside the decision, and awarding title to said land to appellant and, in the alternative, in the event the relief requested was not granted, that an order be made permitting him to apply for a homesite on said land.

The District Court in entering summary judgment in favor of the appellee stated:

"The court now finds that the construction of the law in connection with the administrative decision complained of has a rational basis and that the findings of fact are supported by substantial evidence on the record as a whole."

The court further ordered:

"[T]hat plaintiff may apply for five (5) acres of his entry as a homesite under the Act of May 26, 1934, 48 Stat. 809, 48 U.S.C. § 461 (1958)."

Appellant's one hundred sixty acre homestead entry was allowed on August 3, 1956. On July 20, 1961, appellant filed final proof on his homestead entry, stating that in 1957 he cultivated three acres and planted alsak and timothy, which was not harvested; in 1958 he cultivated ten acres and planted rye, which was not harvested; and that in 1961 he cultivated seven acres and planted rye, which was not harvested. He further stated that twenty acres were "now cultivated", and that there was no use of the land for grazing. As his reason for cultivating less acreage than required by law, appellant stated "Unable to find someone to clear land." Appellant's proof was supported by two witnesses.

We have carefully reviewed the record of proceedings before the Secretary, the Division of Appeals, Bureau of Land Management, and the Land Office at Anchorage, Alaska, which record was before the District Court by stipulation of the parties. The record reveals that the Land Office rejected appellant's final proof on his homestead entry and cancelled his entry on the ground that appellant failed to cultivate the required number of acres during the third and fourth entry years.

In his appeal to the Division of Appeals, Bureau of Land Management, ap-

pellant stated that in the spring of 1958 he went to the Land Office at Anchorage to obtain information as to the meaning of "cultivation" in the homestead requirements. He was unable to see the Manager of the office. Whereupon he explained to a clerk at the counter that he had thirteen acres cultivated and planted to seed, and intended to have seven acres more cleared in the spring of '59, but wanted to wait a year or two to seed it as he wanted to use a land plane on it; that he was advised by the clerk that as long as he had all of the clearing done in the first three years, that was all that was necessary; that on the basis of the information given him, he decided to wait as long as possible for a land plane to become available, and that during the fifth year of his entry he planted the seven acres. Appellant contended that had he not been given the information, he would and could have completed his planting in 1959 on the seven acres which had been cleared that year.

As previously noted, the Division of Appeals, Bureau of Land Management, affirmed the decision of the Land Office, and rejected appellant's contention that he had a right to rely on the information received from a clerk at the counter.

In his appeal to the Secretary of the Department of the Interior, appellant contended that since the ten acres cultivated in '58, and the three acres cultivated in '57 were planted to perennial grasses, that they did not need to be cultivated during the subsequent years of '59, '60 and '61; and that therefore he was entitled to a homestead of at least 104 acres. He further stated that it had been the policy of the Bureau of Land Management, in the area in which the land in question was located, not to require cultivation every year; that it had been the general practice not to require plowing, discing, etc., of the land, but the policy had been to sow the seed immediately after the ground was cleared, without preparing a seed bed, and that in other cases patents had been issued without requiring compliance with 43 U.S.C. § 164.

As previously noted, the Secretary affirmed the decision of the Division of Appeals, Bureau of Land Management, and rejected appellant's contentions.

Title 43 U.S.C. § 164, in parts pertinent to this appeal, in substance provides that no certificate shall be given, or patent issued therefor, until the expiration of three years frcm the date of entry; and if, at the expiration of such time or within two years thereafter, the person making such entry proves that he has a habitable house upon the land and has actually resided upon and cultivated the same for the term of three years following the entry, shall be entitled to a patent, as in other cases provided by law:

"*Provided, further,* That the entryman shall, in order to comply with the requirements of cultivation herein provided for, cultivate not less than one-sixteenth of the area of his entry, beginning with the second year of the entry, and not less than one-eighth, beginning with the third year of the entry and until final proof, * * *."

48 U.S.C. § 371 which was in effect all during the time appellant made his entry and filed his final proof provided as follows:

"All the provisions of the homestead laws of the United States not in conflict with the provisions of this section, and all rights incident thereto, are extended to the Territory of Alaska, subject to such regulations as may be made by the Secretary of the Interior; * * *."

One of such regulations was set forth in 43 C.F.R. § 65.14 (1954 ed.) now 2211.9–1(f) as follows:

"All homestead claims in Alaska must be perfected under and in accordance with the provisions of the 3-year homestead law of June 6, 1912 (37 Stat. 123: 43 U.S.C. 164, 169, 218), and regulations thereunder."

One of the implementing regulations under the three-year homestead law, relating to the cultivation requirement,

**180**

which was in effect from the time of appellant's entry to the filing of his final proof was set forth in 43 C.F.R. 166.23 (a), (1954 ed.) as follows:

"Cultivation of the land for a period of at least two years is required, and this must generally consist of actual breaking of the soil, followed by planting, sowing of seed, and tillage for a crop other than native grasses. However, tilling of the land or other appropriate treatment, for the purpose of conserving the moisture with a view of making a profitable crop the succeeding year, will be deemed cultivation within the terms of the act (without sowing of seed) where that manner of cultivation is necessary or generally followed in the locality."

The record is conclusive that in his proof appellant failed to meet the requirement set forth in 43 U.S.C. § 164, and pertinent regulations that were in effect during the relevant period. The statute requires that an entryman cultivate at least one-sixteenth of the area of his entry beginning with the second year of the entry, and not less than one-eighth beginning with the third year of the entry and until final proof. Appellant's entry was in August, 1956, and he filed final proof in July of 1961. Thus, to satisfy the statute's requirements appellant was required to prove that he cultivated ten acres in the year beginning with the second year of the entry, and not less than twenty acres in each of the years beginning with the third year of his entry, and until final proof.

If we assume that what appellant did in the planting and raising of grasses constitutes cultivation within the meaning of the statute, appellant cultivated thirteen acres in the second year [August 1957–August 1958]; only thirteen acres rather than twenty in the third year [August 1958–August 1959]; only thirteen acres rather than twenty in the fourth year [August 1959–August 1960]; and twenty acres in the fifth year [August 1960–August 1961]. Thus, even viewing the record in the light most favorable to appellant, the record clearly establishes that appellant failed to cultivate the number of acres required by 43 U.S.C. § 164. In this circumstance we need not consider appellant's contention that the Secretary applied an inappropriate standard or method of cultivation.

Although appellant appears to concede that he did not cultivate the number of acres as required by 43 U.S.C. § 164, he seeks to excuse such failure on the claimed grounds of estoppel against the appellees; relaxing by the Secretary of the provisions of the applicable statute in other homestead cases; failure to interpret the provisions of § 164 liberally in favor of the homesteader; and that the District Court erred in failing to hold that the decision of the Secretary was arbitrary and capricious.

We have carefully reviewed the foregoing and other contentions urged by appellant. In our view none has sufficient merit to justify a reversal.

The judgment of the District Court is affirmed.